## ROLLIN P. BLANCHARD, ADM'X,

### v.

## THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

*Limitations—Additional Count—Error without Prejudice—Railroads—Personal Injury—Action for Damages—Former Appeal.*

1.  An additional count in which the plaintiff's cause of action is merely re-stated does not warrant a plea of the statute of limitations, although filed after the time limited for the commencement of the suit.

2.  This court will not reverse for an error which worked no injury to the appellant.

3.  In an action against a railroad company to recover damages for causing the death of the plaintiff's intestate, wherein this court upon a former appeal adjudged the plaintiff to have been a trespasser, it is *held:* That the evidence fails to show negligence on the part of the defendant so great as to amount to wanton and willful misconduct; and that the court properly directed a verdict for the defendant.

[Opinion filed April 11, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. THOMAS DENT and WILLIAM P. BLACK, for appellant.

This court held in Haynie v. C. & A. R. R. Co., 9 Ill. App. 105, that "a plaintiff may re-state his cause of action by way of amendment, without its being obnoxious to the objection of introducing a new cause of action."

The additional count was but a re-statement of the cause of action for which the suit was brought, and was not obnoxious to the objection of introducing a new cause of action. In fact, the statute on which the action is based gave but one right of action, and the additional count referred to this and no other cause of action; and for this reason the additional count could properly be filed without being subject to the bar of the statute. Dickson v. C. B. & Q. R. R. Co., 81 Ill. 217.

The plaintiff was entitled to have the case put to the jury upon the question whether his intestate exercised ordinary care under all the circumstances, and was also entitled to have the case put to the jury as to whether the action of the railroad company should not be deemed gross negligence or willful and unlawful misconduct. Chicago & E. I. R. R. Co. v. Hedges, Adm'r, 105 Ind. 398; Byrne v. New York Central & H. R. R. Co., 104 N. Y. 362; Cassida v. Oregon Ry. & Navigation Co., 13 Pacific Rep. 438. The railroad company should be estopped to allege that the plaintiff's intestate was a trespasser.

It was for the jury to determine whether there was a want of ordinary care on the part of the plaintiff under the evidence as presented. "Negligence is not a legal question, but is one of fact." · Great Western R. R. Co. v. Haworth, 39 Ill. 353.

The trial court was not authorized to instruct the jury to find for the defendant, unless the plaintiff's testimony was "wholly insufficient, considering all it proved or tended to prove." Holmes v. C. & A. R. R. Co., 94 Ill. 444.

Mr. PLINY B. SMITH, for appellee.

*Per Curiam.* This case was in this court before, and is reported in the 15th Ill. App. 582. The facts of the case were very fully stated in the opinion then rendered, and it is not deemed necessary to re-state them here.

When the case was re-docketed in the court below, plaintiff obtained leave to file an additional count to the declaration. To this additional count defendant filed a plea of the statute of limitations, which plea was demurred to by plaintiff, and the demurrer was overruled by the court, and judgment entered for defendant on said plea. A trial was had upon the other counts of the declaration, and at the conclusion of the plaintiff's evidence, the judge instructed the jury to find a verdict for the defendant. We agree with the counsel for appellant that the additional count filed was nothing more than a re-statement of plaintiff's cause of action, and was not in any sense the statement of a new cause of action.

It follows that the statute of limitations was not a good plea to said additional count, and that the court erred in overruling the demurrer to it. But that error can not avail appellant, because he was not injured by it.

It is not claimed that all the evidence which appellant had was not introduced. Therefore, if his evidence does not make a case which entitles him to a verdict, an error depriving him of an appropriate pleading does not injure him.

The former judgment of this court left no ground on which the plaintiff could recover, unless he should furnish proof that the accident was the result of negligence on the part of defendant so gross as to be wanton and reckless misconduct, equivalent in legal contemplation to a willful tort.

We are of opinion that plaintiff wholly failed to introduce any evidence from which the jury would be at liberty to find any such degree of negligence. The facts seem to us to be the same in all respects as they were when the case was before considered in this court, and the law as then stated must control now.

The court below properly instructed the jury to find for the defendant, and the judgment must be affirmed.

*Judgment affirmed.*